ABRAHAM, FRUCHTER
   & TWERSKY, LLP
IAN D. BERG   (Bar No. 263586)
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:     (858) 792-3448
Fax:    (858) 792-3449
*iberg@aftlaw.com*

*Counsel for the Police Retirement
System of St. Louis and Proposed
Lead Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACK PERLMUTTER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTUITIVE SURGICAL, INC., BENJAMIN GONG, ALEKS CUKIC, JEROME McNAMARA, MARK J. RUBASH, GARY GUTHART, MARSHALL MOHR, and LONNIE SMITH,<br><br>Defendants. | Case No. CV 10-03451-LHK<br><br>NOTICE OF MOTION, MOTION, AND MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE POLICE RETIREMENT SYSTEM OF ST. LOUIS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL<br><br>Date:      December 2, 2010<br>Time:     1:30 p.m.<br>Courtroom:  4<br>Judge:    Lucy H. Koh |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that the Police Retirement System of St. Louis ("St. Louis PRS") will hereby move, on December 2, 2010, at 1:30 p.m., in Courtroom 4 of the United States Courthouse, 280 South 1st Street, San Jose, California 95113, for an order: (1) appointing St. Louis PERS as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*.; and (2) approving its selection of Abraham, Fruchter & Twersky, LLP ("Abraham, Fruchter & Twersky") as Lead Counsel.

This Motion is made on the grounds that St. Louis PERS timely filed this Motion, and is the "most adequate plaintiff" by virtue of possessing the largest financial interest of all purchasers of Intuitive Surgical, Inc. ("Intuitive Surgical") securities during the period between February 1, 2008 and January 7, 2009, inclusive (the purported "Class Period," as alleged). St. Louis PERS also meets the requirements of Rule 23 of the Federal Rules of Civil Procedure because its claims are typical of the claims of other purchasers of Intuitive Surgical securities, and St. Louis PERS will fairly and adequately represent the interests of the other purchasers of Intuitive Surgical securities.

Further, St. Louis PERS has selected and retained Abraham, Fruchter & Twersky, an experienced and leading securities class action law firm that has been appointed sole or co-lead counsel in numerous complex securities class actions. St. Louis PERS thus seeks this Court's approval of their selection of Abraham, Fruchter & Twersky as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................ ii

I.   PRELIMINARY STATEMENT ............................................................................... 1

II.  STATEMENT OF FACTS ........................................................................................ 2

III. ARGUMENT ............................................................................................................. 3

    A.   St. Louis PERS Should Be Appointed Lead Plaintiff ................................... 4

        1.   St. Louis PERS Has The Largest Financial
           Interest In The Relief Sought ............................................................. 4

        2.   St. Louis PERS Otherwise Satisfies The
           Requirements Of Rule 23 .................................................................. 4

    B.   The Court Should Approve St. Louis PERS'
       Selection Of Lead Counsel ............................................................................ 6

IV.  CONCLUSION .......................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Armour v. Network Assocs.*,
　171 F. Supp. 2d 1044 (N.D. Cal. 2001) ....................................................................................7

*Bowman v. Legato Sys.*,
　195 F.R.D. 655, 659 (N.D. Cal. 2000) .....................................................................................7

*In re Cavanaugh*,
　306 F.3d 726 (9th Cir. 2002) ............................................................................................ *passim*

*Erikson v. Cornerstone Propane Ptnrs.*,
　2003 U.S. Dist. LEXIS 18009 (N.D. Cal. Sept. 9, 2003) .........................................................5

*Hanon v. Dataproducts Corp.*,
　976 F.2d 497, 508 (9th Cir. 1992) ............................................................................................5

*Richardson v. TVIA, Inc.*,
　2007 U.S. Dist. LEXIS 28406 (N.D. Cal. Apr. 16, 2007) .....................................................4, 5

*Schwartz v. Harp*,
　108 F.R.D. 279 (C.D. Cal. 1985) .............................................................................................5

*Staton v. Boeing Co.*,
　327 F.3d 938 (9th Cir. 2003). ...................................................................................................5

**STATUTES, RULES & REGULATIONS**

15 U.S.C. § 78(J)(B) .........................................................................................................................1

15 U.S.C. § 78(t) ...............................................................................................................................1

15 U.S.C. § 78u-4(a), et. seq. ................................................................................................. *passim*

17 C.F.R. § 240.10b-5 .......................................................................................................................1

Fed. R. Civ. P. 23 .......................................................................................................... *passim*

H.R. Conf. Rep. No. 104-369, 104th Cong. 1st Sess. (1995), reprinted in 1995
　U.S.C.C.A.N. 679, 690 ............................................................................................................6

## MEMORANDUM OF POINTS AND AUTHORITIES

The Police Retirement System of St. Louis ("St. Louis PRS") respectfully submits this memorandum in support of its motion: (1) to be appointed as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (2) for approval of their selection of the law firm of Abraham, Fruchter & Twersky, LLP ("Abraham, Fruchter & Twersky") as Lead Counsel for the class.

I.  PRELIMINARY STATEMENT

Currently pending in this District is the above-captioned securities class action (the "Action"), brought on behalf of all persons who purchased securities of Intuitive Surgical, Inc. ("Intuitive Surgical," or the "Company") between February 1, 2008 and January 7, 2009, inclusive (the "Class Period"). The Action alleges violations of Section 10(b) and 20(a) of the Exchange Act as amended by the PSLRA (15 U.S.C. §§ 78(J)(B) and 78(t)), and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), against Intuitive Surgical and certain of its executive officers. The Action was filed on August 6, 2010, by shareholder Jack Perlmutter. On August 9, 2010, Mr. Perlmutter published notice of the pendency of the action to investors, which provided a deadline to seek Lead Plaintiff status by October 8, 2010.[1]

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the class in this litigation and also makes a *prima facie* showing that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, St. Louis PERS believes that it is the "most adequate plaintiff" by virtue of its significant financial interest in Intuitive Surgical securities. Specifically, St. Louis PERS incurred losses aggregating at least $477,070.85, as calculated under the "First-In, First-Out"

---

[1] A copy of the notice issued by Mr. Perlmutter is attached as Exhibit A to the Declaration of Ian D. Berg in Support of the Motion of the Retirement System of St. Louis for Appointment as Lead Plaintiff and Approval of Its Selection of Lead Counsel (herein, the "Berg Decl.").

("FIFO") method, and $463,563.54, as calculated under the "Last-In, First-Out" ("LIFO") method, in connection with its purchases of Intuitive Surgical securities during the Class Period.[2] St. Louis PERS further satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure as its claims are typical of the other members of the proposed class, and it will fairly and adequately represent the class.

In this regard, St. Louis PERS is a sophisticated institutional investor and is therefore the paradigmatic Lead Plaintiff under the PSLRA. Moreover, St. Louis PERS has selected and retained Abraham, Fruchter & Twersky, a law firm with substantial experience in prosecuting securities class actions, to serve as Lead Counsel for the class. Accordingly, St. Louis PERS respectfully requests that the Court appoint it as Lead Plaintiff and otherwise grant its motion.

II.     STATEMENT OF FACTS

Intuitive Surgical, based in Sunnyvale, California, is engaged in the designing, manufacturing, and marketing of a range of products in the field of robotic-assisted, minimally invasive surgery. The Company's key product is the Da Vinci surgical system, a robotic surgical device for use in urologic, gynecologic, cardiothoracic, general, and head and neck surgeries. The Da Vinci surgical system controls surgical instruments, including endoscopes, scissors, scalpels, and forceps, during a range of surgical procedures.

As alleged, during the Class Period, Intuitive Surgical claimed that the perceived advantages of the then-existing and potential market for the Da Vinci product were causing increasing demand for surgical procedures using the Da Vinci system over traditional human-controlled surgical procedures. According to the Company, this increased demand for Da Vinci robots would cause hospitals to buy even more of the Company's surgical products from which Defendants would reap increasing annuity-like revenue, since each robotic system required the hospital to use the Company's related products and services.

In truth, by January 2008, prior to the beginning of the Class Period, Intuitive Surgical's New System Sales department was already suffering catastrophic setbacks. In fact, Intuitive

---

[2] A copy of the Certification of St. Louis PERS is attached to the Berg Decl. at Exh. B.

Surgical's key clients, including the very hospitals which defendants had previously depended on for sales, were cutting capital expenditures in the face of rising interest rates, tight credit markets, recession, rising deductibles, and inflationary fears. Despite this reality, defendants maintained that Intuitive Surgical was essentially recession-proof because the purchase of its machines was of the highest priority on its existing hospitals' capital expenditure budgets and considered necessary regardless of the cost. Defendants knew, or consciously disregarded, the fact that since January 2008, 77% of hospitals had reduced capital spending, and 54% of hospitals had stopped future project spending altogether, which left most hospitals in no position to even contemplate the purchase of a Da Vinci system.

In July 2008, when Intuitive Surgical reported its financial results for second quarter 2008 ("2Q08"), defendants knew that the large scale medical sales they enjoyed in 2007 had come to an end, and yet defendants actually raised the Company's guidance for future quarters. In response to the Company's 2Q08 report and projections, shares of the Company rose 18% to as high as $331. During this time, defendants reaped proceeds of $26.2 million from insider trading of Intuitive Surgical stock.

On January 7, 2009, the Company preannounced preliminary fourth quarter 2008 ("4Q08") results that were below expectations. Subsequently, on January 22, 2009, the Company released its actual 4Q08 sales numbers, revealing that system sales were $114 million, down from $126 million the previous quarter. In response, the Company's share price plummeted more than 6% from a close of $117.88 on January 6, 2009 to a close of $110.54 on January 8, 2009, and fell another $8.74 per share the next day, to close at $101.80.

III.   ARGUMENT

The PSLRA permits any member of the class to move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). St. Louis PERS satisfies this deadline by making this motion.

### A. St. Louis PERS Should Be Appointed Lead Plaintiff

St. Louis PERS respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.*; *see also In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

#### 1. St. Louis PERS Has The Largest Financial Interest In The Relief Sought

St. Louis PERS should be appointed Lead Plaintiff because it has the largest financial interest in the relief sought. 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Cavanaugh*, 306 F.3d at 730. As demonstrated herein, St. Louis PERS has losses of $477,070.85 (FIFO)/$463,563.54 (LIFO) from the purchase of Intuitive Surgical securities. *See* Berg Decl. at Exh. C. In addition, during the Class Period, St. Louis PERS purchased a total of 7,900 shares of Intuitive Surgical stock, transacted 4,400 "net shares" of Intuitive Surgical stock, and expended net funds of $901,465.59 on Intuitive Surgical stock. *Id.*

To the best of St. Louis PERS' knowledge, there are no other applicants who have sought, or are seeking, appointment as Lead Plaintiff that have a larger financial interest arising from the purchase Intuitive Surgical securities. Accordingly, St. Louis PERS believes that it has the largest financial interest of any qualified movant seeking appointment as Lead Plaintiff.

#### 2. St. Louis PERS Otherwise Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, St. Louis PERS also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. On a motion to serve as Lead Plaintiff, the movant must only make a preliminary showing that it satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. *See Richardson v. TVIA, Inc.*, No. 06-07307, 2007 U.S. Dist. LEXIS 28406, *15 (N.D. Cal. Apr. 16,

2007), *citing Cavanaugh*, 306 F.3d at 730. Here, St. Louis PERS unquestionably satisfies both requirements.

St. Louis PERS' claims are typical of the claims of other purchasers of Intuitive Surgical securities. Generally, the test of typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992), *citing Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985); s*ee also Richardson*, 2007 U.S. Dist. LEXIS 28406, at *17 (typicality satisfied where the proposed lead plaintiff shared substantially similar questions of law and fact with other members of the class and the claims arose from the same course of conduct by defendants). St. Louis PERS' claims in this action arise from the very same course of conduct as the claims of the other members of the class: (1) the purchase of Intuitive Surgical securities during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) being damaged thereby. *See Erikson v. Cornerstone Propane Ptnrs.*, No. C 03-2522 MHP, 2003 U.S. Dist. LEXIS 18009, *11 (N.D. Cal. Sept. 9, 2003).

St. Louis PERS likewise satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4), the representative parties must fairly and adequately protect the interests of the class. This requirement is met if "there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation." *Richardson*, 2007 U.S. Dist. LEXIS 28406, at *16 (citing Fed. R. Civ. P. 23(a)(4); *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)). St. Louis PERS easily satisfies the elements of the adequacy requirement. St. Louis PERS' interests are perfectly aligned with those of the other members of the class and are not antagonistic in any way. There are, furthermore, no facts suggesting that any actual or potential conflict of interest or other antagonism exists between St. Louis PERS and other class members. St. Louis PERS submitted a Certification, affirming its understanding of the duties owed to class members through its commitment to oversee the prosecution of this class action. *See* Berg Decl. at Exh. B. Through its

1  Certification, St. Louis PERS accepts the fiduciary obligations it will assume if appointed Lead
2  Plaintiff in this action. *Id*.

3     Further, St. Louis PERS is a classic example of the sort of Lead Plaintiff envisioned by Congress in its enactment of the PSLRA – a sophisticated institutional investor with a real financial interest in the litigation. *See* H.R. Conf. Rep. No. 104-369, at 34, 104th Cong. 1st Sess. (1995), reprinted in 1995 U.S.C.C.A.N. 679, 690 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts by improving the quality of representation in securities class actions"); *Armour v. Network Assocs.*, 171 F. Supp. 2d 1044, 1051 (N.D. Cal. 2001), *quoting Bowman v. Legato Sys.*, 195 F.R.D. 655, 659 (N.D. Cal. 2000) ("As an institutional investor with a large financial stake in the outcome of this litigation, [Movant] 'is exactly the type of lead plaintiff envisioned by Congress when it instituted the lead plaintiff requirements.'").

   Finally, St. Louis PERS has demonstrated its adequacy through the selection of Abraham, Fruchter & Twersky to represent the class. As discussed more fully below, Abraham, Fruchter & Twersky is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively.

   B.  The Court Should Approve St. Louis PERS' Selection Of Lead Counsel

   The Court should approve St. Louis PERS' choice of the law firm of Abraham, Fruchter & Twersky to serve as Lead Counsel. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), a movant shall, subject to Court approval, select and retain counsel to represent the class they seek to represent. St. Louis PERS has selected and retained the law firm of Abraham, Fruchter & Twersky.

   Abraham, Fruchter & Twersky is among the preeminent securities class action law firms, with the skill and knowledge that will enable it to prosecute this action effectively and expeditiously. *See* Berg Decl. at Exh. D (Abraham, Fruchter & Twersky Firm Biography). Abraham, Fruchter & Twersky has successfully prosecuted numerous securities fraud class actions and obtained excellent results on behalf of defrauded investors around the country. *Id.*

1     Accordingly, the Court should approve St. Louis PERS' selection of Abraham, Fruchter
2 & Twersky as Lead Counsel for the class.

3 IV.    <u>CONCLUSION</u>

4     As set forth above, St. Louis PERS is the "most adequate plaintiff." St. Louis PERS has
5 the "largest financial interest" arising out of the purchase of Intuitive Surgical securities. St.
6 Louis PERS further satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil
7 Procedure as adequate class representatives with claims typical of the other purchasers of
8 Intuitive Surgical securities. Accordingly, St. Louis PERS respectfully requests that the Court:
9 (1) appoint St. Louis PERS as Lead Plaintiff; and (2) approve the selection of Abraham, Fruchter
10 & Twersky to serve as Lead Counsel.

Dated: October 8, 2010                     Respectfully submitted,

                                             ABRAHAM, FRUCHTER &
                                                 TWERSKY, LLP

                                                <u>      */s/ Ian D. Berg*       </u>
                                                    IAN D. BERG

                                               IAN D. BERG (Bar No. 263586)
                                               12526 High Bluff Drive, Suite 300
                                               San Diego, CA 92130
                                               Tel:    (858) 792-3448
                                               Fax:   (858) 792-3449
                                               *iberg@aftlaw.com*

                                                   - And -

                                               MITCHELL M.Z. TWERSKY
                                               One Penn Plaza, Suite 2805
                                               New York, NY 10119
                                               Tel:    (212) 279-5050
                                               Fax:   (212) 279-3655
                                               *mtwersky@aftlaw.com*

                                               *Counsel for the Police Retirement*
                                               *System of St. Louis and Proposed Lead Counsel*