BRAUN LAW GROUP, P.C.
**MICHAEL BRAUN (167416)**
10680 West Pico Boulevard, Suite 280
Los Angeles, CA 90064
Telephone:  (310) 836-6000
Facsimile:  (310) 836-6010
mdb@braunlawgroup.com

**MURRAY, FRANK & SAILER LLP**
**BRIAN P. MURRAY**
275 Madison Avenue, Suite 801
New York, NY 10016
Telephone:  (212) 682-1818
Facsimile:  (212) 682-1892
bmurray@murrayfrank.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK PERLMUTTER, Individually and on Behalf of All Others Similarly Situated, ) | **Case No**. CV-10-03451 LHK |
| Plaintiff, ) | **NOTICE OF MOTION AND MOTION OF JACK PERLMUTTER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. ) | |
| INTUITIVE SURGICAL, INC., BENJAMIN GONG, ALEKS CUKIC, JEROME McNAMARA, MARK J. RUBASH, GARY GUTHART, MARSHALL MOHR, and LONNIE SMITH, ) | Date:  January 20, 2011 |
| Defendants. ) | Time:  1:30 p.m. |
| | Courtroom 4, 5th Floor |

## NOTICE OF MOTION

PLEASE TAKE NOTICE, that on January 20, 2011, at 1:30 p.m. or as soon thereafter as the matter can be heard in the courtroom of the Honorable Lucy H. Koh, situated at 280 South 1st Street, San Jose, California, lead plaintiff movant Jack Perlmutter will move, and hereby does move, for an order (a) appointing Mr. Perlmutter as lead plaintiff, and (b) approving Mr. Perlmutter's selection of Murray, Frank & Sailer LLP as lead counsel for the Class and of the Braun Law Group, P.C. as liaison counsel.

Movant seeks appointment as lead plaintiff and approval of lead counsel pursuant to the Securities Exchange Act of 1934, the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 ("PSLRA"). This motion is based on this Notice, the attached Memorandum of points and authorities, the declaration of Michael Braun and the Court's complete files and records in this action, as well as such further argument as the Court may allow at the hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

This is a Class Action brought on behalf of all persons or entities who purchased or otherwise acquired Intuitive Surgical, Inc. ("Intuitive" or the "Company") securities on the NASDAQ National Market System ("NASDAQ") (the "Class") during the period February 1, 2008 through January 7, 2009, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act"). Named as defendants are Intuitive Surgical, Inc. and certain of its directors and executive officers.

Defendant Intuitive is a Delaware corporation with its headquarters located in Sunnyvale, California. According to the Company's website, Intuitive is the global leader in the field of robotic-assisted minimally invasive surgery. Intuitive serves customers throughout the United

States and internationally, providing technology and procedural innovations in the fields of cardiac, urologic, gynecologic, pediatric and general surgical disciplines.  The Company's key product, the da Vinci Surgical System, is a robotic- and computer-assisted surgical device.

The Complaint in this action alleges that throughout the Class Period the defendants made false and/or misleading statements and omitted material adverse facts about the then-existing and potential market for the da Vinci Surgical System.  Specifically, defendants made false and/or misleading statements and/or omitted material facts (1) that a majority of the Company's potential clients had already purchased a da Vinci; (2) that due to the failing economy, the Company's key clients, including the hospitals which Defendants had previously depended upon for sales, were cutting capital expenditures, leaving most in no position to purchase a da Vinci; and (3) that as a result of the above, the Company's securities traded at artificially inflated prices during the Class Period.

On January 7, 2009, Intuitive shocked investors when, after the close of the market, it issued a pre-announcement of its fourth quarter results which stated that, contrary to the Company's previous optimistic predictions of continue growth in the use of da Vinci systems across a widening number of surgical procedures, and upward revisions in their systems revenue forecast, the Company expected systems revenue to remain flat.

Following this announcement, Intuitive's stock price plummeted more than 6% from a close of $117.88 on January 6, 2009 to a close of $110.54 on January 8, 2009.

## PROCEDURAL HISTORY

Movant Jack Perlmutter commenced this action on August 6, 2010, and on August 9, 2010 counsel for Mr. Perlmutter published a notice of the pendency of the case on *Business Wire*, a widely circulated national business-oriented wire service.  *See* Declaration of Michael

CV-10-03451 LHK                                    MOTION FOR APT OF LEAD PLAINTIFF

Braun in Support of Motion of Jack Perlmutter for Appointment as Lead Plaintiff and Approval of Lead Counsel (the "Braun Declaration") at Exhibit A.  The Complaint alleged the facts described above and set forth the legal bases for plaintiff's claims, specifically Sections 10(b) and 20(a) of the Exchange Act, as amended by the PSLRA, 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission, 17 C.F.R. 10b-5.

Mr. Perlmutter brings the instant motion for, inter alia, appointment as lead plaintiff pursuant to the Complaint and notice of pendency, and files this motion prior to the expiration of the 60-day period from publication of Movant's August 9, 2010 notice.

**ARGUMENT**

### A.     Mr. Perlmutter Should Be Appointed Lead Plaintiff

Section 21(D)(a)(3)(B) of the PSLRA provides the procedure for selecting a Lead Plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate.   15 U.S.C. §78u-4(a)(3)(B).  The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as lead plaintiff is the person or group of persons that

> (aa) has either filed the complaint or made a motion in response to a notice. . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

As set forth below, Mr. Perlmutter satisfies all three of these criteria and thus is entitled to the presumption that he is the "most adequate plaintiff"

### 1. Mr. Perlmutter Has Both Filed A Complaint And Moved To Be Appointed Lead Plaintiff

Mr. Perlmutter commenced the instant action on August 6, 2010, and on August 9, 2010, pursuant to §21D(a)(3)(A)(I) of the PSLRA, counsel for Mr. Perlmutter published a notice of pendency on *Business Wire* – a widely circulated national business-oriented wire service – announcing that a securities class action had been filed against defendants herein, and advising purchasers of Intuitive securities that the time period in which class members may move to be appointed lead plaintiff herein expires no earlier than October 8, 2010.  Mr. Perlmutter files the instant motion pursuant to his complaint and published notice, and submits herewith his sworn certification attesting that he is willing to serve as a representative of the Class and willing to provide testimony at deposition and trial, if necessary.  *See* Braun Declaration, Exhibit B. Accordingly, Mr. Perlmutter satisfies both the requirements of filing a complaint and making a motion in response to a published notice.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

### 2. Mr. Perlmutter Has The Largest Financial Interest Submitted By A Plaintiff For The Class

In accordance with the PSLRA, a court shall adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. §78u-4(a)(3)(B)(iii).

During the Class Period, Mr. Perlmutter purchased shares of Intuitive stock at a price alleged to be artificially inflated by defendants' materially false and misleading statements and omissions and, as a result, Mr. Perlmutter has suffered a loss of $10,444.83.  *See* Braun Declaration, Exhibit C.

CV-10-03451 LHK                                    MOTION FOR APT OF LEAD PLAINTIFF

To the best of his knowledge, Mr. Perlmutter believes that he has the largest known financial interest in this case of any Class member who timely filed an application for appointment as lead plaintiff, and thus satisfies the largest financial interest requirement to be appointed as lead plaintiff for the Class.  See 15 U.S.C. §78u-4(a)(3)(B)(iii)(bb).

### 3. Mr. Perlmutter Otherwise Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21(D)(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1)  the class is so numerous that joinder of all members is impracticable, (2) there are questions of law and fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In determining that a lead plaintiff movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification.  A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient.  *In re Cavanaugh*, 306 F.3d 726, 720 (9th Cir. 2002).  Consequently, courts limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification.  *Curry v. Hansen Medical, Inc.*, Case Nos. 09-cv-5094-JF, 09-cv-5212-JW, 09-cv-5367-JRB, 2010 WL 702432, *2 (N.D. Cal. Feb. 25, 2010) ("Because failure to satisfy prongs (1) or (2) [of Rule 23] would preclude certifying a class in the first instance, [the Court's assessment of a lead plaintiff motion] focuses on typicality and

adequacy"); *City of Harper Woods Employees Retirement System v. AXT, Inc.*, Case No. 04-4362-MJJ, 2005 WL 318813, *3 (N.D. Cal. Feb. 7, 2005) ("When a court assesses a lead plaintiff motion, the inquiry should be focused on the typicality and adequacy requirements of Rule 23").  Mr. Perlmutter satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff for the Class.

### a.  Mr. Perlmutter's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory.  *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

Here, Mr. Perlmutter's claims are typical of the claims asserted by the Class.  Mr. Perlmutter, like all members of the Class, alleges that defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements concerning Intuitive's business, operations and future prospects.  Mr. Perlmutter, like all members of the Class, purchased Intuitive shares during the Class period artificially inflated by defendants' misrepresentations and omissions, and were damaged thereby.  Thus, Mr. Perlmutter's claims are closely aligned with other Class members', and they are, therefore, typical of the other members of the Class.

### b.  Mr. Perlmutter Is An Adequate Representative

The Rule 23(a) adequacy of representation requirement is satisfied where it is established a representative party "will fairly and adequately protect the interest of the class." Accordingly:

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic

7

to the interests of absent class members, and it is unlikely that the action is collusive.

*Tanne v. Autobytel, Inc.,* 226 F.R.D. 659, 667 (C.D. Cal. 2005) (*citing In re Northern Dist. Of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)).   The class representative must also have "a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Tanne*, 226 F.R.D. at 667 (citation omitted).

Mr. Perlmutter has demonstrated his adequacy as the lead plaintiff by evincing a strong desire to prosecute this action on behalf of the Class, and has shown that he is willing and able to take an active role in and control the litigation.   Mr. Perlmutter has communicated with experienced counsel concerning the initiation of this case and has made this motion to be appointed lead plaintiff.   Mr. Perlmutter is not aware of any antagonism between his interests and those of other Class members.   Moreover, Mr. Perlmutter has sustained substantial financial losses – in the amount of $10,444.83 – from his investment in Intuitive securities and is, therefore, motivated to pursue the claims in this action.  *See* Braun Declaration, Exhibit C.

### 4.   Mr. Perlmutter Is Presumptively the Most Adequate Lead Plaintiff

The presumption in favor of appointing Mr. Perlmutter as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class;
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class

15 U.S.C. §78u-4(a)(3)(b)(iii)(I).

The presumption that Jack Perlmutter is the most adequate lead plaintiff is not, therefore, subject to rebuttal.   Mr. Perlmutter believes that he has the largest financial interest in

8

this case among Class members who timely filed motions for appointment as lead plaintiff.  Mr. Perlmutter's ability to fairly and adequately represent the Class is discussed above.  Mr. Perlmutter is not aware of any unique defenses defendants could raise against him that would render Mr. Perlmutter inadequate to represent the Class.  In addition, as discussed below, Mr. Perlmutter has selected and retained competent and experienced counsel to represent him and the Class.  *See Richardson v. TVIA, Inc.*, 2007 WL 1129344, *4-*5 (N.D. Cal. April 16, 2007) ("The adequacy requirement is met if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation.").  Accordingly, Jack Perlmutter should be appointed lead plaintiff for the Class.

## B.    Mr. Perlmutter's Choice of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court.  *See* §21D(a)(3)(B)(v) of the Exchange Act.  Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to protect the interests of the plaintiff class.  *See Cavanaugh*, 306 F.3d at 733.  In the instant case, Mr. Perlmutter has retained Murray, Frank & Sailer LLP to pursue this litigation on his behalf, and will retain this firm as plaintiff's lead counsel, in the event that Mr. Perlmutter is appointed lead plaintiff.  Mr. Perlmutter has also retained the Braun Law Group, P.C. as liaison counsel.  Murray, Frank & Sailer LLP possesses extensive experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm résumés attached to the Braun Declaration as Exhibit D.  Thus, the Court may be assured that, by granting Plaintiff's motion, the Class will receive the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, Mr. Perlmutter respectfully asks the Court to grant his motion and enter an Order (a) appointing Jack Perlmutter as lead plaintiff, and (b) approving his selection of Murray, Frank & Sailer LLP as Lead Counsel and the Braun Law Group, P.C. as Liaison Counsel, and granting such other relief as the Court may deem just and proper.

Dated:    October 8, 2010

**BRAUN LAW GROUP, P.C.**


_____/s/_____.
Michael Braun
10680 West Pico Boulevard, Suite 280
Los Angeles, CA 90064
Telephone:  (310) 836-6000
Facsimile:  (310) 836-6010

**[Proposed] Liaison Counsel**

**MURRAY, FRANK & SAILER LLP**
Brian P. Murray
275 Madison Avenue, Suite 801
New York, NY 10016
Telephone:  (212) 682-1818
Facsimile:  (212) 682-1892

**Counsel for Jack Perlmutter and
[Proposed] Lead Counsel
for the Class**